IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| KIMBERLY DELL DEAN,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | ORDER AND MEMORANDUM DECISION DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255<br><br>Civil Case No. 1:24-cv-197-TC<br>Criminal Case No. 2:24-cr-258-TC<br><br>Judge Tena Campbell |

Petitioner Kimberly Dell Dean[1] filed a pro se Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 on December 4, 2024. (ECF No. 1.) Ms. Dean asserts that she has been wrongfully detained as a result of malicious prosecution. (Id. at 2.) She is currently charged in a two-count indictment with one count of kidnapping in violation of 18 U.S.C. § 1201(a)(1) & (h) and one count of conspiracy to commit kidnapping in violation of 18 U.S.C. § 1201(c). (See Indictment, ECF No. 5 in Case No. 2:24-cr-258.)

Ms. Dean was arrested in the Western District of Missouri, where it appears she was initially released on bond. (See Order, Aug. 25, 2024, ECF No. 4-5 in Case No. 2:24-cr-258.) The United States District Court for the Western District of Missouri revoked that bond after Ms.

---

[1] In her criminal case, Ms. Dean is named Kimberly Dell Davidson-Drolet. (See Case No. 2:24-cr-258; see also Mot. Vacate, ECF No. 1 at 1.) Should Ms. Dean wish to change her name in that matter, she should file a motion with the appropriate paperwork in her criminal case.

Dean refused to sign the Appearance Bond and the Acknowledgment of the Conditions of Release. (See id.) Ms. Dean was then detained and transported to the District of Utah. (See id.)

Ms. Dean pled not guilty to the charges in the indictment at an arraignment on September 10, 2024. (See Min. Entry, Sept. 10, 2024, ECF No. 55 in Case No. 2:24-cr-258.) Ms. Dean stated that she wished to represent herself and the court conducted a Faretta hearing on September 12, 2024, at which the court determined that Ms. Dean knowingly and intelligently waived her right to appointed counsel. (See Min. Entry, Sept. 12, 2024, ECF No. 59.) At that hearing, the court also appointed Jon Williams as advisory counsel. (See id.)

Ms. Dean is currently detained at the Davis County Jail. Her trial is set to begin on March 17, 2025. (See Order to Continue, Dec. 5, 2024, ECF No. 80 in Case No. 2:24-cr-258.)

The district court may deny a § 2255 motion without holding a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief …." 28 U.S.C. § 2255(b); see also Rule 4(b) of the Rules Governing Section 2255 Proceedings ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.").

A motion to vacate a sentence under § 2255 may be filed by "[a] prisoner in custody under sentence of a court …." 28 U.S.C. § 2255(a) (emphasis added). But Ms. Dean has not yet been convicted or sentenced in her criminal case. Her § 2255 motion is therefore inappropriate

and is denied. She may ask the court to review her detention, but she must do so by filing an appropriate motion in her criminal case.

Additionally, the court is concerned that Ms. Dean did not sign or file the motion herself.[2] Instead, the motion was signed and filed by Emilie Dean Bentley, who styles herself as an "attorney-at-law" and purports to represent Ms. Dean through a power of attorney designation. (See ECF No. 1 at 9 & Ex. A.)

Federal law allows two types of representation in court: by an attorney admitted to the practice of law by the applicable regulatory body, or by a person representing herself. See 28 U.S.C. § 1654. A power of attorney may not be used to circumvent prohibitions on the unauthorized practice of law. See, e.g., Dorsey v. McKune, No. 07-3204-SAC, 2007 WL 4557677, at *1 n.1 (D. Kan. Dec. 20, 2007); DePonceau v. Pataki, 315 F. Supp. 2d 338, 341 (W.D.N.Y. 2004) (authority conferred on another by a power of attorney could not be used to circumscribe state laws that prohibit the practice of law by anyone other than a licensed attorney); Kapp v. Booker, No. 05-402-JMH, 2006 WL 385306, at *3 (E.D. Ky. Feb. 16, 2006) ("While the power of attorney gives Ms. Kapp legal standing to assert claims owned by her husband on his behalf, it does not authorize her to practice law by representing another person, her husband, in a lawsuit: that must still be done by a licensed attorney).

---

[2] Although Ms. Dean is currently detained at the Davis County Jail, she may use the prison mail system to file any motions or documents in her criminal case. She may also ask someone to drop off documents for her, but only licensed attorneys may sign those documents and purport to provide Ms. Dean with representation. Ms. Dean is encouraged to work with her advisory counsel, Mr. Williams, if she has questions about proper filing procedures.

3

Ms. Bentley has provided no evidence that she is qualified to practice law in the State of Utah. This representation therefore amounts to the unauthorized practice of law and the court will not accept additional documents signed by Ms. Bentley. The court instructs the Clerk of Court to lodge any documents signed by Ms. Bentley in connection with Ms. Dean's criminal charges and the court cautions Ms. Dean that it will not act on any relief requested in such documents.

The court reminds Ms. Dean that while a criminal defendant has a constitutional and a statutory right to waive her right to counsel and represent herself at trial, see Faretta v. California, 422 U.S. 806, 807 (1975) (holding that the Sixth Amendment right to counsel necessarily implies the right to proceed pro se); see also 28 U.S.C. § 1654 (codifying the right of defendants in federal prosecutions to self-representation), that right of self-representation is not absolute. The Tenth Circuit has held: "When faced with a situation of potential abuse, the district court may properly impose restraints on the right to reject counsel to prevent the right from being manipulated so as to obstruct the orderly procedure of the courts." United States v. Padilla, 819 F.2d 952, 959 (10th Cir. 1987).

Although the court construes pro se pleadings liberally, Ms. Dean must nevertheless abide by the same procedural rules as an attorney. If she finds that she cannot provide effective representation for herself, Ms. Dean may move the court to appoint her advisory counsel as full counsel. The court may also conduct an additional Faretta hearing if it has doubts about whether Ms. Dean is competent to represent herself.

The Rules Governing Section 2255 Proceedings for the United States District Courts instruct the district court to "issue or deny a certificate of appealability when it enters a final

order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2255 Proceedings. A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this burden, Ms. Dean must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." United States v. Gaddis, 12 F. App'x 733, 735 (10th Cir. 2001) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

For the reasons set forth above, the court finds that Ms. Dean has not stated any grounds for relief under § 2255 and that reasonable jurists would not find this conclusion debatable or wrong. Accordingly, the court declines to issue a certificate of appealability.

## ORDER

Ms. Dean's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 1) is DENIED and the court declines to issue a certificate of appealability. The court directs the Clerk of Court to provide Ms. Dean with a copy of this order and to close the case.

The court also instructs the Clerk of Court to lodge any future documents signed by Emilie Dean Bentley that purport to provide Ms. Dean with representation. The court will not consider or act on any relief requested in those documents, as the court finds that Ms. Bentley's purported representation amounts to the unauthorized practice of law.

SO ORDERED this 6th day of December, 2024.

BY THE COURT:

*Tena Campbell*
Tena Campbell
United States District Judge